UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDER JOSE VIZCAINO MARRUFO,

               Petitioner,

     v.

STEPHEN KURZDORFER, *in his official
capacity as Acting Field Office Director, Buffalo
Field Office, Enforcement and Removal
Operations, U.S. Immigration & Customs
Enforcement*; *et al.*,

               Respondents.

6:26-CV-06479-MAV

**ORDER**

---

Petitioner Alexander Jose Vizcaino Marrufo, a citizen of Venezuela, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 24, 2026, while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1 ¶¶ 3, 14. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). In the petition, Petitioner alleges, *inter alia*, that he is being unlawfully detained under 8 U.S.C. § 1225 and requests his immediate release from custody or a bond hearing under 8 U.S.C. § 1226(a). In addition to seeking a writ of habeas corpus, Petitioner filed a motion for a temporary restraining order ("TRO") seeking to enjoin Respondents from transferring him outside of the Western District of New York, removing him from the United States, and continuing to detain him pending further proceedings. ECF No. 2.

For the reasons set forth below, Petitioner's motion for a TRO is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that Respondents shall refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted. The motion is otherwise DENIED.

**TEMPORARY RESTRAINING ORDER**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citation omitted). Irreparable harm is the *"sine qua non* for preliminary injunctive relief,"* and the moving party must first demonstrate that irreparable harm would be "likely" in the absence of injunctive relief before other factors toward granting relief will be considered. *Id.* (quoting *USA Recycling, Inc. v. Town of Babylon,* 66 F.3d 1272, 1295 (2d Cir. 1995)). Provided irreparable harm is demonstrated, a party seeking a TRO against the federal government that will affect government action taken pursuant to a statutory or regulatory scheme must show both a likelihood of success on the ultimate merits of the lawsuit, and that the balance of hardships tips in the moving party's favor while the public interest is not disserved by the relief granted. *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007); *New York v. United States Dep't of Educ.*, 477 F. Supp. 3d 279, 294 (S.D.N.Y. 2020) (citing *Nken v. Holder,* 556 U.S. 418, 435 (2009)).

Here, Petitioner seeks to prevent Respondents from transferring him out of this District. The Court denies Petitioner's request at this juncture. Pursuant to 8 U.S.C. § 1231(g)(1), "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." This provision "provides DHS with broad authority to decide where an alien is detained." *Candido v. Bondi,* No. 25-CV-867 (JLS), 2025 WL 3123696, at *2 (W.D.N.Y. Nov. 7, 2025) (internal quotation marks and citation omitted) (collecting cases); *see Dorval v. Barr,* 414 F. Supp. 3d 386, 396 (W.D.N.Y. 2019). The Court declines to interfere with Respondents' authority to "arrange for

appropriate places of detention" particularly because the Court retains jurisdiction over the habeas petition regardless of where Petitioner is being held. *See Candido*, 2025 WL 3123696, at *2; *Dorval*, 414 F. Supp. 3d at 396. Accordingly, the Court DENIES Petitioner's request to enjoin his transfer out of the Western District of New York. However, to aid the Court's jurisdiction and for the reasons stated below, the Court GRANTS his request to enjoin his transfer out of the United States.

Additionally, the Court DENIES Petitioner's request for immediate release while his petition is litigated. In cases alleging illegal detentions without a bond hearing, including prolonged detentions, the Court has found the appropriate remedy to be a bond hearing as opposed to immediate release when relief is granted. *See, e.g., Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575, at *7 (W.D.N.Y. Nov. 25, 2025) ("[T]he Court finds that [p]etitioner was detained under § 1226(a) . . . As such, he is entitled to a bond hearing at the outset of detention as established by existing federal regulations.") (internal quotation marks and citations omitted); *see also Rahman v. Freden*, 6:26-CV-06310-MAV, ECF No. 8 ("The Court accepts Respondents' position, as argued, that *Da Cunha* governs. Additionally, after applying the three-factor test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court finds that the Government must bear the burden of proof at the bond hearing, particularly in light of Petitioner's 6-month detention without a bond hearing."); *J.M.A. v. Kurzdorfer*, 1:25-cv-00886-MAV, ECF No. 19 ("[T]he Court finds that the Government must bear the burden of proof at the bond hearing, particularly in light of Petitioner's unreasonably prolonged detention of 13 months.").

## ORDER TO SHOW CAUSE

28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Accordingly, it is hereby

ORDERED that Respondents show cause within **14 days** of the date of this order why Petitioner's requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented by copies of any Notices to Appear served on Petitioner, any warrants to arrest Petitioner, Petitioner's I-213, any documents that reflect the statutory authority under which Petitioner was previously released from custody and the full terms and length of said release, and any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, and a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioner shall have **7 days** after service of Respondents' return to file a **written response**. Petitioner shall promptly inform the Court if they do not intend to file a reply, at which point the Court will consider the matter ripe for review.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the

4

writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:     April 27, 2026
           Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

5